UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HAROLD SHEPARD                                                                    PLAINTIFF

VERSUS                                                       CIVIL ACTION NO. 2:22-CV-73-RPM

US MARSHAL SERVICE AND TASK
FORCE                                                                                DEFENDANT

**REPORT AND RECOMMENDATION**

On June 8, 2022, Plaintiff Harold Shepard filed a *pro se* complaint alleging that members of the US Marshals Service and Task Force (USMS) were shooting at his residence and automobile, thereby causing property damage. Doc. [1]. He alleges damage to a car windshield that cost $1,000 to repair. He requests an order stopping the members of the USMS from shooting at his house. He also requests that they repair his home and auto.

In a series of "attachments," he further alleges, among other things, that USMS members have been following him to various locations across the United States, set up surveillance cameras near his property, listen in on his conversations, shoot at his residence with air rifles on an almost daily basis, cut down trees on his property, creep around his property at night in leaf suits and whistle in the woods adjacent to his residence, trespass on his property, enter his residence when he is not there, interfere with his medical treatment, feed his dog so it would not bark, took his dog, place tracking devices on his car, deliberately embedded "straps" in the highway to cause his car tires to go flat, cut down limbs and dug a trench from where they shoot at his house, track his credit card purchases, stalk him by car everywhere he goes, and hacked his phone. *See* Doc. [3] [4] [5] [6] [8] [9] [10] [11] [12] [20] [21] [22] [23] [24] [25] [28] [30] [32] [33] [35] [37] [40] [44].

The following are a few examples of the conduct alleged by Plaintiff against the USMS. On August 3, 2022, while visiting with a doctor in Florida, a woman sitting in the office rudely

interrupted the conversation with his physician. Doc. [5]. He allegedly remembers the woman from the French Market in New Orleans, and he believes she is a US Marshal. On September 27, 2022, while shopping in a Walgreens, a white male in a Fleetwood Mac t-shirt followed him around the store. Doc. [11]. Plaintiff alleges this was a USMS task force member. He had a similar experience later that day at Rainey's in Prentiss, when a black female came in the store, walked to where Plaintiff was standing, and stared at him. She then turned around and walked out of the store without making a purchase. On August 31, 2023, a car with NASCAR plates followed Plaintiff to the Wal-Mart in Magee. Doc. [44].

On October 13, 2023, Defendant filed a motion to dismiss arguing (1) Plaintiff has failed to state a constitutional claim; (2) Defendant is entitled to sovereign immunity; and (3) Plaintiff has failed to exhaust administrative remedies as required by the Federal Tort Claims Act (FTCA). Plaintiff has not filed a response in opposition.

## Law and Analysis

The only named defendant is the USMS. The USMS is a branch of the United States Government; therefore, Plaintiff's lawsuit is in essence a lawsuit against the United States. *See James v. U.S. Marshals*, No. CV420-111, 2022 WL 18670854, at *2 (S.D.Ga. Nov. 9, 2022). The United States and its agencies are immune from suit except where Congress has explicitly and unequivocally waived such immunity. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. $4,480,466.16*, 942 F.3d 655, 663 (5th Cir. 2019). In the instant action, the USMS is generally entitled to sovereign immunity. *See Komongnan v. U.S. Marshals Service*, 471 F.Supp. 2d 1, 4 (D.D.C. (2006) (dismissing action against USMS in a *Bivens* action because, as an agency of the United States,

the USMS is immune from suit); *Delgado v. Detention Center*, 839 F.Supp. 345, 346 (E.D.Penn. 1993).

The Government does waive sovereign immunity for federal constitutional tort claims brought under the FTCA. *See Eure v. U.S. Postal Service*, 711 F.Supp. 1365, 1370 (S.D.Miss. 1989). For a claim to be actionable against the United States under the FTCA, a claimant "must allege, *inter alia*, that the United States 'would be liable to the claimant' as 'a private person' 'in accordance with the law of the place where the act or omission occurred.'" *F.D.I.C.*, 510 U.S. at 477. In the instant cause of action, Plaintiff alleges claims such as assault, trespass, and destruction of property by unidentified members of the USMS.

The FTCA allows claims that assert an injury "caused by the negligent or wrongful act or omission" of a government employee. 28 U.S.C. § 1346(b). Claims may be brought against law enforcement officers for certain intentional torts, so long as those intentional torts occur within the scope of the individuals' employment. *See* 28 U.S.C. § 2680(h); *Millbrook v. United States*, 569 U.S. 50, 54-55 (2013). However, prior to initiating a lawsuit in federal court, an individual who seeks to recover money damages from the government under the FTCA must first raise their claims—i.e. "exhaust" their claims—with the appropriate federal agency. 28 U.S.C. § 2675(a). The federal district court lacks subject matter jurisdiction over any FTCA claim that has not been exhausted. *Reynolds v. United States*, 748 F.2d 291, 292 (5th Cir. 1984).

Defendant attached to its motion to dismiss the declaration of Jennifer Bryan, Senior Associate General Counsel for the US Marshals Service and the person responsible for overseeing administrative tort claims received by her office. Doc. [46-1] at 1. Ms. Bryan conducted a search of administrative claims records and stated that "no administrative tort claim was presented to the USMS by or on behalf of Harold Shepard." *Id.* at 2. Based on the

foregoing, the undersigned finds Plaintiff has not fulfilled the exhaustion requirement as to any claims he may be asserting pursuant to the FTCA.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant's [45] Motion to Dismiss be GRANTED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 5th day of August 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE